Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| INMOBILIARIA BALEARES LLC. Y OTROS<br><br>Recurridos<br><br>v.<br><br>PEPE & LOLA, LLC Y OTROS<br><br>Peticionarios | TA2026CE00323 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2022CV03556<br><br>Sobre: Incumplimiento de Contrato, Nulidad de Contrato, Daños |
|---|---|---|

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 18 de marzo de 2026.

Comparece Sheila Li Benabe González y PEPE & LOLA, LLC (en adelante, parte peticionaria) mediante un recurso de *certiorari*, para solicitarnos la revisión de la *Orden* emitida y notificada el 28 de enero de 2026, por el Tribunal de Primera Instancia, Sala Superior de Bayamón.[1] Mediante la *Orden* recurrida, el foro de instancia impuso una sanción económica a las partes demandadas y a sus representantes legales por la cantidad de $1,000.00 dólares.

Por los fundamentos que expondremos, se *deniega* la expedición del auto de *certiorari*.

I

De entrada, conviene mencionar que este Tribunal, en tres (3) ocasiones previas, a través de paneles hermanos, ha atendido controversias relacionadas al caso del título.[2] En esta ocasión, la

---

[1] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI), a la Entrada Núm. 212.
[2] Los recursos apelativos relacionados al caso de marras son los siguientes: (i) KLCE202300233; (ii) KLCE202300431 consolidado con el KLCE202300438, y (iii) TA2025CE00749. Puntualizamos que el recurso KLCE202300431 consolidado

parte peticionaria acude ante nos mediante un recurso de *certiorari* tras el foro *a quo* haber emitido una orden mediante la cual impuso una sanción económica por no haberse cumplido con el calendario del manejo del caso. En consideración a lo anterior, nos circunscribiremos a los hechos atinentes al asunto ante nuestra consideración.

El caso de autos inició, el 12 de julio de 2022, cuando Inmobiliaria Baleares, LLC e Inmobiliaria Baleares CXA Corp. (en adelante, parte recurrida), instaron una *Demanda* contra la parte peticionaria.[3]

Luego de varios incidentes procesales, los cuales incluyeron, pero no se limitan, a la presentación de las contestaciones a demanda, el descubrimiento de prueba, así como, según reseñamos, varias revisiones judiciales, el 19 de marzo de 2025, notificada el día siguiente, el foro de instancia emitió una *Orden de calendarización*.[4]. En lo pertinente, el tribunal *a quo*: (i) dispuso que el descubrimiento de prueba culminaría el 30 de septiembre de 2025; (ii) concedió hasta el 31 de octubre de 2025, para presentar las mociones dispositivas; (iii) dispuso que las partes, de manera conjunta, tendrían hasta el 1 de diciembre de 2025, para informar sobre el estado de los procedimientos en torno a conversaciones transaccionales; y (iv) señaló vista transaccional y conferencia con antelación a juicio para el 29 de enero de 2026.

Mediante la referida *Orden de calendarización,* el tribunal de instancia impartió instrucciones específicas a las partes sobre qué debía incluir el informe de conferencia con antelación a juicio. Por otro lado, indicó a las partes que, independientemente de que la vista de conferencia con antelación a juicio fuese transferida, el

---

con el KLCE202300438, tras ser elevado al alto foro, fue expedido y su determinación fue emitida en el caso CC-2023-0650.
[3] SUMAC TPI, a la Entrada Núm. 1.
[4] *Íd.*, a la Entrada Núm. 108.

referido informe debía ser presentado diez (10) días antes de la fecha de la vista ya señalada; a menos de que el tribunal de instancia autorizase la conversión de la vista. Además, entre otras, advirtió a las partes que, de incumplir con la presentación del antedicho informe, resultaría en una sanción automática de $200.00 dólares a cada parte, por día de incumplimiento. También, explicó que, en cuanto a la presentación de escritos sobre conversión de vista, solo serían evaluadas si demostraban justa causa y se presentaban con por lo menos veinte (20) días previos al señalamiento de vista. Enfatizó que la falta de presentación del informe no sería considerada como justa causa para solicitar la conversión de vista. Como parte de las instrucciones ordenadas por el foro *a quo*, se advirtió que, de no poderse celebrar la vista de conferencia con antelación a juicio por falta de presentación del informe en el término ordenado por la Regla 37.4 de las de Procedimiento Civil,[5] y la referida *Orden de calendarización*, el Tribunal ordenaría la cancelación del arancel de suspensión e impondría sanciones.

Luego de varias incidencias procesales innecesarias resumir, el 19 de enero de 2026, las partes presentaron una *Moción conjunta en solicitud de término para presentar el informe de conferencia con antelación a juicio*.[6] Esbozaron que se encontraban preparando las respectivas porciones del informe de conferencia con antelación a juicio. Argumentaron que, dado al receso navideño y otros compromisos profesionales, no habían logrado reunirse, empero, separaron el 20 de enero de 2026, para llevar a cabo una reunión con la finalidad de discutir las estipulaciones y asuntos relacionados al informe. A tenor, solicitaron una prórroga hasta el 23 de enero de 2026, para presentar el antedicho informe.

---

[5] 32 LPRA Ap. V, R. 37.
[6] SUMAC TPI, a la Entrada Núm. 202.

En respuesta, mediante *Orden,* emitida el 21 de enero de 2026, notificada al día siguiente, el tribunal de instancia declaró *Ha Lugar* la solicitud de prórroga.[7]

Posteriormente, el 23 de enero de 2026, la parte recurrida presentó *Moción informativa de las partes demandantes sobre informe de conferencia con antelación al juicio.*[8] Alegó que, pese a un sinnúmero de gestiones y esfuerzos, al momento de la radicación de esta moción, las partes demandadas no habían enviado sus respectivas porciones del informe. Resaltó que, mediante una comunicación informal, la parte peticionaria anticipó que iba a solicitar una prórroga adicional, cosa que no había ocurrido al momento y sobre lo cual la parte recurrida había manifestado su oposición por escrito. Dado a lo anterior, adujo que no sería posible cumplir con la fecha ordenada (mediante la prórroga concedida) para la presentación del informe de conferencia con antelación al juicio. Así, pues, solicitó que se tomara conocimiento de lo informado y que se emitieran los dictámenes que procedieran en derecho. Adjuntó a este escrito las comunicaciones que sostuvo con la parte peticionaria mediante correo electrónico.[9]

En respuesta, mediante *Orden* emitida y notificada el 26 de enero de 2026, el foro *a quo* ordenó a la parte peticionaria a que, antes del 27 de enero de 2026, a las 12:00 p.m., le remitiera su parte del informe de conferencia con antelación a juicio a la parte recurrida, para que pudiese ser radicado el 28 de enero de 2026 antes de las 2:00 p.m.[10]

De ahí, el 27 de enero de 2026, la representación legal de la parte peticionaria presentó un escrito *Al expedie[n]te judicial sometiendo documento en cuanto a orden.*[11] Arguyó que su

---

[7] SUMAC TPI, a la Entrada Núm. 203.
[8] *Íd.,* a las Entradas Núm. 204 y 205.
[9] *Íd.,* Anejos 1-6.
[10] *Íd.,* a la Entrada Núm. 206.
[11] *Íd.,* a la Entrada Núm. 207.

representada, la señora Sheila Li Benabe González (señora Benabe González), parte demandada y quien era abogada de profesión, era indispensable para la confección del antes mencionado informe. Sin embargo, alegó que esta se encontraba bajo tratamiento médico desde el 21 enero hasta el 9 de febrero de 2026. Arguyó que, por tal razón, no había podido completar el informe con antelación al juicio en este caso. Solicitó que se tomara conocimiento de lo informado y se concediera el remedio adecuado. Adjuntó a su escrito un documento confidencial médico.

Entonces, mediante *Orden* emitida y notificada ese mismo 27 de enero, el tribunal de instancia expresó que la señora Benabe González no era representante legal en este caso y que las representaciones legales de las partes debían haber podido completar el informe de conferencia con antelación a juicio a esta fecha.[12] Además, requirió a las partes a presentar el informe según ordenado.

De lo que sigue, el mismo 27 de enero, la parte recurrida instó una *Moción solicitando imposición de sanciones y otros remedios*.[13] Esbozó que, dado a que el documento sometido por la parte peticionara fue cargado de manera confidencial, no sabía las razones por la cuales se incumplió con la orden del tribunal respecto al informe de conferencia con antelación al juicio. Sin embargo, expresó que, independientemente de que las razones dadas por dicha parte fueran válidas, lo que procedía era la imposición de sanciones. Esto, puesto a que no existía razón alguna que justificara que la parte peticionaria no hubiese ejercido previamente y a tiempo diligencias adecuadas para preparar su porción del informe. Por otra parte, arguyó que, si la señora Benabe González interesaba participar de alguna manera junto a su representante legal en la

---

[12] SUMAC TPI, a la Entrada Núm. 208.
[13] *Íd.*, a la Entrada Núm. 209.

redacción del informe, todos debieron tomar las medidas necesarias para no afectar los procesos. Solicitó al foro primario que se impusieran sanciones a su favor, en una cuantía no menor de $5,000.00 dólares por cada parte demandada y que mantuviese en pie la vista señalada para el 29 de enero de 2026.

De otro lado, el 28 de enero de 2026, la parte peticionaria presentó una *Moción de aclaración y respetuosa reconsideración.*[14] Alegó que de los autos surgía de que la señora Benabe González había tenido situaciones médicas desde el mes pasado que impidieron la comunicación efectiva necesaria para poder cumplimentar el informe de conferencia con antelación al juicio. Asimismo, manifestó que, aunque era evidente que la señora Benabe González no era abogada suscribiente en este caso, la representación legal de esta no podía por sí y de forma independiente asumir posiciones fácticas ni adoptar teorías que luego constriñan la posición, defensa y derechos de esta. Peticionó que se le concediera un término de diez (10) días desde que cesara la indisponibilidad de la señora Benabe González para poder cumplimentar y suscribir el informe de conferencia con antelación a juicio.

Por su parte, el 28 de enero de 2026, la parte recurrida presentó una *Moción suplementaria en solicitud de imposición de sanciones y en oposición a moción de reconsideración.*[15] En esencia, reiteró su solicitud sobre imposición de sanciones para que fuesen impuestas a cada uno de los codemandados de autos, así como a cada uno de sus representantes legales.

De ahí, mediante *Orden* emitida y notificada a las partes y a sus representantes legales el 28 de enero de 2026, el tribunal de instancia impuso una sanción económica a todas las partes

---

[14] SUMAC TPI, a la Entrada Núm. 210.
[15] *Íd.*, a la Entrada Núm. 211.

demandadas por la suma de $1,000.00 dólares para cada una y ordenó que la misma se pagara en o antes del 6 de febrero de 2026.[16]

Al día siguiente, el foro *a quo* emitió y notificó otra *Orden* mediante la cual, dado a que no se había presentado el informe de conferencia con antelación a juicio, suspendió la vista y concedió hasta el 13 de febrero de 2026, para presentarlo.[17].

En desacuerdo con la *Orden* mediante la cual se impusieron las sanciones económicas, el 6 de febrero de 2026, tanto el codemandado, Lcdo. Héctor R. Arroyo Aguilar, como la parte peticionaria, presentaron solicitudes de reconsideración.[18]. Mediante *Resolución* emitida y notificada el 13 de febrero de 2026, la primera instancia judicial denegó las solicitudes de reconsideración.[19] Fundamentó su decisión en que de acuerdo con la *Orden de calendarización* notificada el 20 de marzo de 2025, ya se había apercibido en torno a la imposición de sanciones y que, en este caso, se aplicó una sanción menor a la advertida, puesto a que debían ser $200.00 dólares por cada día de incumplimiento. Puntualizó que se habían dado oportunidades para cumplir con lo ordenado, pero que el incumplimiento fue reiterado.

Conviene mencionar que, entre otras incidencias procesales, fue el 13 de febrero de 2026, que las partes finalmente sometieron el informe de conferencia con antelación a juicio.[20] La vista de conferencia con antelación a juicio quedó señalada para el 17 de marzo de 2026.[21]

Ahora bien, tras haber quedado inconforme con el curso decisorio del tribunal de instancia, el 16 de marzo de 2026, la parte

---

[16] SUMAC TPI, a la Entrada Núm. 212.
[17] *Íd.*, a la Entrada Núm. 213.
[18] *Íd.*, a las Entradas 215 y 216.
[19] *Íd.*, a la Entrada Núm. 220.
[20] *Íd.*, a la Entrada Núm. 222.
[21] *Íd.*, a la Entrada Núm. 230.

peticionaria instó un recurso de *certiorari* mediante el cual esgrimió la comisión de los siguientes cinco (5) errores:

> PRIMER ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA Y COMETIÓ UN CRASO ABUSO DE DISCRESIÓN, AL IMPONER SANCIONES ECONÓMICAS A LAS RECURRENTES Y A SU REPRESENTANTE LEGAL, CUANDO ESTE NO HA EXHIBIDO UNA CONDUCTA CONSTITUTIVA DE DEMORA, INACCIÓN, ABANDONO, OBSTRUCCIÓN O FALTA DE DILIGENCIA.

> SEGUNDO ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, AL IMPONER SANCIONES ECONÓMICAS A LAS RECURRENTES Y A SU REPRESENTANTE LEGAL, CUANDO SE CONSIGNÓ Y EVIDENCIÓ LA RAZÓN MÉDICA QUE DEMUESTRA LA JUSTA CAUSA QUE IMPIDIÓ EL CUMPLIMIENTO CON EL TÉRMINO PROVISTO.

> TERCER ERROR: ERRÓ Y ABUSÓ DE SU DISCRECIÓN CRASAMENTE EL TRIBUNAL DE PRIMERA INSTANCIA, AL IMPONERLE SANCIONES ECONÓMICAS A LAS PARTES COMPARECIENTES Y A SU ABOGADO SIN APERCIBIMIENTO OPORTUNO Y CONTEMPOR[Á]NEO A LOS SUCESOS Y SIN NOTIFICACIÓN ALGUNA DIRECTA A LAS PARTES RECURRENTES.

> CUARTO ERROR: ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA Y DEMOSTRÓ UN PATENTE PREJUICIO, PARCIALIDAD Y ARBITRARIEDAD, AL INFERIR EN SU ORDEN QUE LA COMPARECIENTE BENABE-GONZÁLEZ LE MINTIÓ AL TRIBUNAL, DESCANSANDO EN LAS ALEGACIONES INFUNDADAS E INCENDARIAS DE LA PARTE DEMANDANTE, QUIEN DESCONOCE LAS RAZONES MÉDICAS QUE MOTIVARON EL ATRASO.

> QUINTO ERROR: ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA Y DEMOSTRÓ UN PATENTE PREJUICIO, PARCIALIDAD Y ARBITRARIEDAD, AL CONCLUIR EN SU ORDEN QUE LA COMPARECIENTE LICENCIADA BENABE-GONZÁLEZ NO ES UNA PARTE INDISPENSABLE PARA LA CONFECCIÓN DEL INFORME.

Conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones este Tribunal tiene "la facultad de prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho".[22] En consideración a lo anterior, eximimos a la parte recurrida de presentar escrito en oposición al recurso.

---

[22] Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025).

II

**A. Expedición del recurso de *Certiorari***

Los recursos de *certiorari* presentados ante el Tribunal de Apelaciones deben ser examinados en principio bajo la Regla 52.1 de las Reglas de Procedimiento Civil.[23] Esta Regla limita la autoridad y el alcance de la facultad revisora de este foro apelativo, mediante el recurso de *certiorari*, sobre órdenes y resoluciones dictadas por los Tribunales de Primera Instancia. La Regla lee como sigue:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de Certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.[24]
>
> [...].[25]

Por su parte, la Regla 52.2 (b) dispone sobre los términos y efectos de la presentación de un recurso de *certiorari* que:

> Los recursos de *certiorari* al Tribunal de Apelaciones para revisar resoluciones u órdenes del Tribunal de Primera Instancia o al Tribunal Supremo para revisar las demás sentencias o resoluciones finales del Tribunal de Apelaciones en recursos discrecionales o para revisar cualquier resolución interlocutoria del Tribunal de Apelaciones deberán presentarse dentro del término de treinta (30) días contados desde la fecha de notificación de la resolución u orden recurrida. El término aquí dispuesto es de cumplimiento estricto, prorrogable sólo cuando medien circunstancias especiales debidamente sustentadas en la solicitud de *certiorari*.
>
> [...].[26]

Establecido lo anterior, precisa señalar que el recurso de *certiorari* es un vehículo procesal que permite a un tribunal de mayor

---

[23] 32 LPRA Ap. V, R. 52.1.
[24] *Íd.*
[25] *Íd.*
[26] *Íd.*

jerarquía revisar las determinaciones de un tribunal inferior.[27] A diferencia del recurso de apelación, el auto de *certiorari* es de carácter discrecional.[28] La discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[29] A esos efectos, se ha considerado que "la discreción se nutre de un juicio racional apoyado en la razonabilidad y en un sentido llano de justicia y no es función al antojo o voluntad de uno, sin tasa ni limitación alguna".[30]

De otra parte, la Regla 40 del Reglamento del Tribunal de Apelaciones esgrime que el Tribunal deberá considerar ciertos criterios para expedir un auto de *certiorari*. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición el auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. [31]

Por otro lado, el Tribunal Supremo de Puerto Rico ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error

---

[27] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023)*; 800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020).

[28] *Rivera Figueroa v. Joes's European Shop*, 183 DPR 580, 596 (2011).

[29] *Mun. de Caguas v. JRO Construction, Inc.* 201 DPR 703, 712 (2019); *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013).

[30] *SLG Zapata-Rivera v. J.F. Montalvo,* supra, 435.

[31] Regla 40 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).

manifiesto.[32] Igualmente, al evaluar la procedencia del referido auto, debemos tener presente que el foro primario tiene amplia discreción para manejar los casos ante su consideración.[33] De manera que los Tribunales Apelativos no debemos pretender conducir ni manejar el trámite ordinario de los casos que atiende la primera instancia judicial.[34] Ello, puesto que el foro primario es el que mejor conoce las particularidades de los asuntos ante su consideración.[35]

Por último, advertimos que la denegatoria a expedir un recurso discrecional no implica la ausencia de error en el dictamen cuya revisión se solicitó, como tampoco constituye una adjudicación en sus méritos.[36] Meramente, responde a la facultad discrecional del foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia.[37]

### III

En el presente caso, la parte peticionaria plantea esencialmente que el tribunal *a quo* incidió al imponerle sanciones económicas tanto a ella como a su representante legal.

Según expusimos en nuestra exposición doctrinal previa, el *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior.[38] A esos efectos, la naturaleza discrecional del recurso de *certiorari* queda enmarcada dentro de la normativa que le concede deferencia de las actuaciones de los Tribunales de Primera Instancia, de cuyas determinaciones se presume su corrección. Ahora bien, esta Regla no opera en el vacío, tiene que anclarse en una de las razones de peso que establece la Regla 40 del Reglamento del Tribunal de Apelaciones.[39]

---

[32] *Coop. Seguros Múltiples de P.R. v. Lugo*, 136 DPR 203, 208 (1994).
[33] *BPPR v. SLG Gómez-López*, 213 DPR 314, 334 (2023).
[34] *Mejías v. Carrasquillo*, 185 DPR 288, 306-307 (2012).
[35] *Íd.*
[36] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008).
[37] *Torres Martínez v. Torres Ghigliotty*, supra, a la pág. 96.
[38] *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).
[39] *In re Aprob. Enmdas. Reglamento TA*, supra, a las págs. 59-60.

Tras evaluar minuciosamente el recurso presentado por la parte peticionaria, y luego de una revisión de la totalidad del expediente ante nos, es nuestra apreciación que no se configuran ninguna de las instancias que justificaría la expedición del auto de *certiorari* al amparo de Regla 52.1 de Procedimiento Civil,[40] ni tampoco en virtud de la Regla 40 del Reglamento del Tribunal de Apelaciones.[41] Los señalamientos de error y los fundamentos aducidos en la petición presentada no logran activar nuestra función discrecional en el caso de autos. Por otro lado, entendemos que el dictamen recurrido no es patentemente erróneo, y encuentra cómodo resguardo en la sana discreción de la primera instancia judicial. Además, razonamos que la peticionaria no nos ha persuadido de que, al aplicar la norma de abstención apelativa en este momento, conforme al asunto planteado, constituirá un rotundo fracaso de la justicia. Menos aun cuando coincidimos en que no existen elementos que justifiquen nuestra intervención con el manejo del caso, según determinado por el foro primario en este caso.

Por todo lo antes mencionado, no atisbamos razón para intervenir con la determinación recurrida.

IV

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[40] 32 LPRA Ap. V, R. 52.1.
[41] 4 LPRA Ap. XXII-B, R.40.